UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUANE HICKMAN, | No. 2:18-cv-02967-KJM-CKD P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is petitioner's motion to amend the petition to add a new claim for relief. ECF No. 16. Petitioner also filed a proposed first amended § 2254 petition containing only one claim for relief alleging prosecutorial misconduct for the knowing use of false testimony. ECF No. 17. The amended 2254 petition does not include the two claims for relief presented in the original habeas petition filed on November 4, 2018. See ECF No. 1. Respondent has no opposition to petitioner either proceeding on the amended § 2254 petition containing only one claim for relief or of filing an amended petition "containing all of the claims he wishes to raise in this court." ECF No. 19 at 1.

Amendments of pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure. This rule "applies to habeas corpus actions with the same force that it applies to garden-variety civil cases." <u>James v. Giles</u>, 221 F.3d 1074, 1077 (9th Cir. 2000) (quotation marks

1

and citation omitted). According to Rule 15(a)(2), "[t]he court should freely give leave when justice so requires" even after a responsive pleading has been filed. Denial of a motion for leave to amend a pleading is proper only when "there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted).

In this case, there is no evidence of undue delay by petitioner especially in light of the fact that he has already presented the new prosecutorial misconduct claim to the state trial court as well as the California Court of Appeal via state habeas petitions. Nor does respondent identify any undue prejudice resulting from amending petitioner's habeas application. For all these reasons, the court will grant petitioner's motion to amend.

However, it is not clear that petitioner has included all his claims for relief in the first amended federal habeas petition filed on September 9, 2019. Therefore, the court will order petitioner to file a second amended petition that includes all claims for relief that he wishes to pursue. Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to amend his federal habeas petition (ECF No. 16) is granted.
2. Within 30 days from the date of this order, petitioner shall file a second amended 28 U.S.C. § 2254 petition on the court approved form containing all claims for relief which he wishes to pursue.

/////

/////

3. The Clerk of Court shall send petitioner the court approved federal habeas corpus petition form used in this district.

Dated: March 11, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hick2967.m2amend.docx